Case 3:18-cv-00914-NJR   Document 24   Filed 05/07/20   Page 1 of 13   Page ID #190

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REYMUNDO MOLINA-TRUJILLO,**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No. 3:18-CV-914-NJR

# <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 filed by Reymundo Molina-Trujillo (Molina-Trujillo) (Doc. 1). Molina-Trujillo's motion is based on claims of ineffective assistance by court-appointed counsel, LaToya Berry, and the misuse of uncharged and unproven conduct to enhance his sentence, based on the United States Supreme Court's opinion in *Nelson v. Colorado*, 137 S.Ct. 1249 (2017).

    On September 28, 2018, the Government filed a response to Molina-Trujillo's motion (Doc. 18). On November 26, 2018, Molina-Trujillo filed a reply brief (Doc. 23). Also pending before the Court is a Motion to Withdraw as Attorney filed by attorney Gary Milone (Doc. 10), who was appointed to represent Molina-Trujillo on this matter. For the reasons set forth below, the Court denies Molina-Trujillo's Section 2255 Motion and grants Milone's Motion to Withdraw as Attorney.

**FACTUAL & PROCEDURAL BACKGROUND**

On May 14, 2014, in Case No. 14-CR-30108-NJR, a grand jury for the Southern District of Illinois returned an Indictment charging Molina-Trujillo with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Aiding and Abetting in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(viii), (b)(1)(C) (Doc. 1 in Case No. 14-CR-30108).[1] On June 17, 2014, the grand jury returned a Superseding Indictment, but no changes were made to Molina-Trujillo's charges (Doc. 8 in Case No. 14-CR-30108). Initially, Assistant Federal Public Defender Ethan Skaggs was appointed to represent Molina-Trujillo (Doc. 58 in Case No. 14-CR-30108). A few days later, however, Molina-Trujillo filed a *Pro Se* Motion to Withdraw Attorney Ethan Skaggs (Doc. 100 in Case No. 14-CR-30108). On June 30, 2015, the Court granted Skaggs leave to withdraw as counsel (Doc. 105 in Case No. 14-CR-30108). Molina-Trujillo did not retain counsel within the ten-day period allotted by the Court. Thus, on July 13, 2015, the Court appointed Criminal Justice Act panel attorney LaToya Berry to represent Molina-Trujillo (*Id.*).

On October 5, 2015, Molina-Trujillo pleaded guilty to the charge in the Superseding Indictment (Doc. 117 in Case No. 14-CR-30108). On December 29, 2015, the presentence investigation report ("PSR") was filed by the United States Probation Office (Doc. 131 in Case No. 14-CR-30108). On January 26, 2016, a revised PSR was filed (Doc. 136 in Case No. 14-CR-30108). Neither party filed any objections to the revised PSR.

On February 3, 2016, the undersigned sentenced Molina-Trujillo to 324 months'

---

[1] Citations to the underlying criminal case record will specifically reference the criminal case number, while citations to the record in this civil case will be designated "Doc." with no reference.

imprisonment and five years of supervised release (Doc. 145 in Case No. 14-CR-30108). Molina-Trujillo appealed his sentence. *See United States v. Molina*, 674 F. App'x 658 (7th Cir. Jan. 31, 2017) (unpublished). The Seventh Circuit Court of Appeals rejected Molina-Trujillo's arguments and affirmed this Court's judgment. *Id.* at 568-69. On May 22, 2017, the United States Supreme Court denied Molina-Trujillo's petition for writ of certiorari. *Syms v. United States*, 137 S. Ct. 2176 (2017).

On April 12, 2018, Molina-Trujillo filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). He argues he is entitled to relief because trial counsel was ineffective and because the Court misused uncharged and unproven conduct to enhance his sentence, which goes against the Supreme Court's holding in *Nelson*. Molina-Trujillo also filed a Motion to Appoint Counsel (Doc. 2).

On April 25, 2018, the Court appointed Gary Milone to represent Molina-Trujillo and to determine whether an Amended Section 2255 motion should be filed (Doc. 3). Subsequently, on August 23, 2018, Milone filed a Motion to Withdraw as Counsel on the basis that he "does not see any good faith basis to advance on § 2255 Petition" (Doc. 10, p. 2).

On August 27, 2018, the Court denied Molina-Trujillo the ability to amend his Section 2255 motion and ordered Molina-Trujillo to show cause regarding why the Court should not grant Milone's motion to withdraw and deny Molina-Trujillo's Section 2255 motion as to his first claim that counsel was ineffective by failing to object to factual and legal inaccuracies within the PSR (Doc. 11). On September 17, 2018, Molina-Trujillo responded to the Court's Order to Show Cause (Doc. 16). On September 28, 2018,

Assistant United States Attorney Monica Stump filed a response to Molina-Trujillo's Section 2255 motion on behalf of the Government (Doc. 18). On November 26, 2018, Molina-Trujillo filed a reply (Doc. 23).

### COLLATERAL REVIEW UNDER 28 U.S.C. § 2255

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, Section 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (Section 2255 relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice"); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations").

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

ANALYSIS

I.  **Ineffective Assistance Claims**

Molina-Trujillo frames two of his claims as arising from ineffective assistance of trial counsel. A "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is true "whether or not the petitioner could have raised the claim on direct appeal." *Id.* The Court considers their merits below.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Claims of ineffective assistance of counsel in a Section 2255 motion that pass preliminary review and are considered on their merits are analyzed under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). *Strickland* held that a petitioner must illustrate that (1) the attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 609. To satisfy the second prong, a petitioner must demonstrate a "reasonable probability" that the decision reached "would have been different absent the errors." *Id.* at 696. To successfully argue ineffective assistance of counsel, a petitioner's claim must meet both the performance and prejudice prongs of the

*Strickland* test. *Id.* at 697. If the Court determines either component of the *Strickland* test is deficient, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990). "[D]efendant's failure to satisfy either prong is fatal" to the claim. *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993) (citing *Strickland,* 466 U.S. at 697).

The *Strickland* analysis begins with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Further, a defendant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* In all cases, the petitioner's unsubstantiated and conclusory statements are insufficient to satisfy his burden under *Strickland. United States v. Turcotte,* 405 F.3d 515, 537 (7th Cir. 2005), *abrogated on other grounds by United States v. Novak,* 814 F.3d 515, 537 (7th Cir. 2016).

  A. <u>Ineffective assistance of counsel for failure to object to factual and legal inaccuracies found within the PSR</u>.

Molina-Trujillo first argues attorney Berry failed to object to or properly argue against factual and legal inaccuracies in the PSR, including the application of three sentencing enhancements. Molina-Trujillo "believes that the alleged [methamphetamine] quantities are inaccurate and unsupported by sufficient scientific proof," and thus the sentencing enhancement related to the drug quantity is incorrect (Doc. 1 at p. 5). Molina-Trujillo also avers the application of U.S.S.G. §2D1.1(b)(5) (an enhancement based on the drug being methamphetamine) should not apply to his sentence because "the conduct was already accounted for in the base offense level, thus, the enhancement amounts in

double counting" (*Id.* at p. 6). Regarding the same enhancement, Molina-Trujillo argues he should not be penalized because he did not "knowingly" import methamphetamine (*Id*). Next, Molina-Trujillo contends the "stash house" enhancement should be stricken because he did not maintain a premise "for the purpose" of manufacturing or distributing a controlled substance (*Id.* at p. 7). Finally, Molina-Trujillo believes the Court incorrectly imposed "another 2-point enhancement for an aggravating role, being a leader" just because he instructed a co-defendant, his girlfriend, to deliver drugs and collect money (*Id.* at p. 8).

This Court finds that Molina-Trujillo's trial court counsel's representation did not fall below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 694. To demonstrate that counsel's performance fell below an objective standard of reasonableness, a petitioner must specify the actions or omissions outside the broad view of professionally competent assistance. *Lilly v. Gilmore,* 988 F.2d 783, 785 (7th Cir. 1993). Here, Molina-Trujillo does not provide the Court with specific actions or omissions by Berry that were unreasonable. During sentencing, the Court asked Molino-Trujillo if he "read the [PSR] and discussed it with counsel" (Doc. 18-6, p. 5-6). Molina-Trujillo replied, with the assistance of an interpreter, "yes." *Id.* The Court also questioned whether the PSR was true and accurate, and Molina-Trujillo confirmed that it was. *Id.* Finally, the Court asked if either side had any objection to the report. *Id.* Molina-Trujillo denied having any objections to the PSR. *Id.*

Molina-Trujillo does not claim he had insufficient time to review his PSR; in fact, Berry confirms she reviewed the PSR with Molina prior to sentencing and informed him

of his rights to contest the report (Doc. 18-7, p. 1-2). After "extensive discussion[,] review," and in consultation with her, Molina-Trujillo decided not to file any objections (*Id.*). Absent a showing of inadequate conduct by counsel, the Court finds Berry rendered adequate assistance during Molina-Trujillo's sentencing. Therefore, Molina-Trujillo's first claim fails.

      B.      <u>Ineffective assistance of counsel on appeal</u>.

The Court next reviews Molina-Trujillo's second claim of ineffective assistance. Molina-Trujillo claims Berry was ineffective when she relied on boilerplate appellate arguments, rather than the "particular circumstances" of his case (Doc. 1, p. 3). Again, the Court finds that Berry's performance did not fall below an objective standard of reasonableness. Berry communicated with Molina-Trujillo about the appeal and her intentions. Specifically, in Berry's affidavit, she confirms, "I discussed the arguments to include in the [appellate] brief with Mr. Molina-Trujillo and he agreed with the strategy of putting forward similar legal arguments to those used in another case to preserve said arguments for further appeal before the United States Supreme Court." (Doc. 18-7, p. 3).

In support of his argument, Molina-Trujillo claims Berry should have asked the Court for leave to withdraw from his appellate case. But Molina-Trujillo offers no evidence that he ever objected to Berry's strategy, nor did he request Berry to file a motion to withdraw. In addition, there is no evidence that Molina-Trujillo asked Berry to advance *any* other argument and she refused. Accordingly, Molina-Trujillo has failed to provide sufficient evidence that Berry's decisions and actions fell below reasonable professional norms. Therefore, Molina-Trujillo's second claim of ineffective assistance claim fails.

## II.     Molina-Trujillo's *Nelson v. Colorado* Claim

In his third claim, Molina-Trujillo asserts the relevant conduct that was used to enhance his sentence included conduct of another uncharged separate offense; therefore, he was presumed innocent of that conduct and this Court should not have included such conduct to enhance his sentence (Doc. 23, p. 3-4). In response, the Government maintains that Molina-Trujillo's claim should be dismissed because it raises an issue already addressed on direct appeal, and Molina-Trujillo has failed to present any evidence of changed circumstances (Doc. 18, p. 8).

The Seventh Circuit has held that a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (1992). As a result, issues that were raised on direct appeal, absent a showing of changed circumstances, cannot be raised in a Section 2255 motion. *Id.* Here, the Seventh Circuit considered and rejected Molina-Trujillo's argument on direct appeal. *See United States v. Molina-Trujillo*, 674 F. App'x 568 (7th Cir. 2017). The Seventh Circuit found that the failure to challenge the facts in a PSR amounted to waiver of any relevant-conduct argument. *Id.* at 569. Thus, Molina-Trujillo's claim must fail on that ground alone.

Even if the Court were to consider Molina-Trujillo's argument, it still lacks merit. Molina-Trujillo argues there are changed circumstances in this case because of *Nelson v. Colorado,* 137 S.Ct. 1249. Specifically, Molina-Trujillo argues that because the Court did not find him guilty of the "relevant" conduct beyond a reasonable doubt, he is presumed innocent, thus the uncharged "relevant" conduct should not be applied to enhance his sentence (Doc. 23, p. 4).

In *Nelson,* the Supreme Court examined a Colorado statute that required defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain a refund of costs, fees, and restitution paid in conjunction with the invalid conviction. *Nelson,* 137 S. Ct. at 1254. The Supreme Court held that the Colorado statute was unconstitutional because it violated the right to procedural due process by placing an evidentiary burden on defendants to prove their innocence when the presumption of innocence rested at the foundation of the criminal justice system. *Id.* at 1256. As is plain from *Nelson,* the Supreme Court's decision does not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing. Thus, *Nelson* simply does not change substantive law related to Molina-Trujillo's conviction or sentence, and there are no changed circumstances. As a result, Section 2255 relief is foreclosed.

Consequently, Molina-Trujillo's motion brought pursuant to 28 U.S.C. § 2255 is **DENIED.**

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curium). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Molina-Trujillo has not stated any grounds for relief under Section 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Molina-Trujillo has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

## NOTICE

If Molina-Trujillo wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Molina-Trujillo chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Molina-Trujillo files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the

excusable neglect standard).

Additionally, Molina-Trujillo will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Molina-Trujillo must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Molina-Trujillo cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Molina-Trujillo plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Molina-Trujillo wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To

prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Molina-Trujillo showing excusable neglect or good cause.

## CONCLUSION

Molina-Trujillo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 (Doc. 1) is **DENIED**, and Attorney Gary Milone's Motion to Withdraw as Attorney (Doc. 10) is **GRANTED**. This action is **DISMISSED with prejudice**. The Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: May 7, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**